IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| K'MUEL KING, | ) | |
| | ) | |
| Petitioner, | ) | No. 12 C 8970 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| RANDY PFISTER, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner K'Muel King has brought a petition for a writ of habeas corpus under 28 U.S.C. § 2254, alleging ineffective assistance of trial counsel, ineffective assistance of appellate counsel, and that his extended-term sentence for murder is unconstitutional. Respondent Randy Pfister, the acting warden of the Pontiac Correctional Center, has moved to dismiss the petition as time-barred. For the reasons described below, respondent's motion is granted.

Following a 1998 jury trial, petitioner was convicted of first degree murder and concealment of a homicidal death. He was sentenced to an extended term of eighty years for murder and five years for concealment, to be served consecutively. Petitioner appealed his sentence, and the Illinois Appellate Court affirmed the convictions but determined the extended term sentence was unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466, 470, 120 S. Ct. 2348, 2352, 147 L. Ed. 2d 435 (2000), and remanded the case for resentencing. Petitioner filed a petition for leave to appeal (PLA) the decision affirming conviction with the Illinois Supreme Court.

While that PLA was pending, the trial court resentenced petitioner to a term of 60 years in prison for the murder conviction. Petitioner appealed this new sentence. While the appeal was pending, the Illinois Supreme Court denied petitioner's first PLA and ordered the Appellate

Court to vacate its previous judgment and reconsider petitioner's sentence in light of Illinois Supreme Court cases applying the plain error standard to Apprendi violations. The Appellate Court reinstated petitioner's original 80 year sentence. Petitioner filed a new PLA, which the Illinois Supreme Court denied on November 24, 2004.

Petitioner filed a postconviction petition in the state trial court on September 29, 2004, and subsequently filed an amended petition on March 24, 2008. These petitions were denied by the trial court. The Illinois Appellate Court affirmed the denial, and petitioner filed a PLA, which was denied on September 28, 2011. The Illinois Supreme Court issued its mandate on November 2, 2011. Petitioner filed the instant § 2254 petition on November 2, 2012.

Under § 2254, a state prisoner challenging his custody has a one year deadline for filing a federal habeas petition. That period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1] Petitioner's conviction became final when the Illinois Supreme Court denied his PLA on direct appeal on November 24, 2004. Petitioner is entitled to statutory tolling, however, for the time period in which a "properly filed application for State post-conviction or other collateral review . . . [was] pending." 28 U.S.C. § 2244(d)(2). Petitioner filed a postconviction petition on September 29, 2004, so his limitations period was tolled until his postconviction PLA was denied on September 28, 2011. At that point, the one year clock began to run and petitioner had until September 28, 2012 to file his federal habeas petition.

---

[1]Section 2244(d)(1) provides for other potential dates that the clock begins to run, but none are applicable here.

Respondent argues that petitioner's § 2254 petition is untimely because it was more than a month late. Petitioner asserts that he interpreted the deadline as one year from the date the mandate was issued. The relevant date, however, is the date the Illinois Supreme Court entered judgment on the PLA, and not the date the mandate was issued. See Gildon v. Bowen, 384 F.3d 883, 887 (7th Cir. 2004). Mistakes of law do not toll the one-year deadline. Williams v. Sims, 390 F.3d 958, 963 (7th Cir. 2004).

A petitioner may invoke equitable tolling by demonstrating that: (1) he pursued his rights diligently; and (2) that "some extraordinary circumstance" prevented his timely filing. Holland v. Florida, 130 S. Ct. 2549, 2562 (2010). The burden is on the petitioner to demonstrate that he is entitled to equitable tolling. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

Petitioner argues that he is entitled to equitable tolling for the limitations period because he is mentally ill and was therefore unable to understand the legal requirements for filing a timely habeas petition. In support of this argument, petitioner submits trial transcripts from his sentencing hearing, where an expert psychiatrist testified for the defense that petitioner had a personality disorder and suffered from mental illness.

The Seventh Circuit has held that "the traditional rule [is] that mental illness tolls a statute of limitations only if the illness in fact prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them." U.S. ex rel. Andujar v. Pierce, 2010 WL 4628765 (N.D. Ill. Nov. 8, 2010) (citing Miller v. Runyon, 77 F.3d 189, 191 (7th Cir. 1996)). The record and filings, however, indicate that petitioner is well aware of his legal rights and has diligently pursued every opportunity for appeal. His response brief to the instant motion admits that he "erroneously thought that his petition for a writ of habeus [sic] corpus was to be

3

mailed out specifically one year after the Illinois Supreme Court issued its mandate on November 2, 2011. Not before or after." Petitioner goes on to state that the late filing is "not due to negligence or a simple mistake about the deadline," but that he is "unfit to handle his own legal matters due to his mental illness." But the response brief fails to make any further explanation as to how petitioner's alleged mental illness caused him to be unable to make the proper filing deadline. Nor does the brief articulate how petitioner's mental illness led him to assume the incorrect deadline for filing his petition.

Although petitioner is correct that a mental impairment may be appropriate grounds for equitable tolling, he has failed to demonstrate that his illness in fact prevents him from managing his affairs. Petitioner is therefore not entitled to equitable tolling of the limitations period.

Because petitioner's claim was not timely filed, the court grants respondent's motion to dismiss the petition.

**ENTER:** **March 20, 2014**

_____
**Robert W. Gettleman**
**United States District Judge**